|2FOIL, Judge.
This appeal challenges the action of the trial court in dismissing a lawsuit pursuant to *179 a declinatory exception raising the objection of lis pendens. After a thorough review of the record, we affirm.
BACKGROUND
In 1987, Wallace Wells, a guest passenger, was injured in an automobile accident in New Orleans. He filed a tort suit seeking damages for his injuries in the Twenty-Fourth Judicial District court for the Parish of Jefferson on March 4, 1988. Named as defendants were the drivers of the vehicles involved in the collision, Edgar Garcia and Jimmy Aehord, along with their respective insurers, Old Hickory Casualty Insurance Company and Royal Insurance Company. In supplemental and amending petitions, Mr. Wells asserted additional causes of action against Royal Insurance Company, seeking damages for its failure to settle the claim, and also brought the Louisiana Insurance Guaranty Association (LIGA) into the litigation because of Old Hickory’s insolvency.
On April 25,1994, Wallace Wells died. His three surviving children, Kerry Wells, Tami Wells and Sunny Wells Senft, filed a motion to substitute as party plaintiffs in the Jefferson Parish lawsuit on April 28, 1994, which was granted by the trial judge. A motion filed by the plaintiffs for a change of venue was denied by the trial court. The record reflects that the attorney for the plaintiffs requested that the May 18,1994 trial date be continued so that the children could amend the petition to bring actions for wrongful death.
However, the Wells children did not file an amending petition to state a cause of action for wrongful death, but instead filed the instant lawsuit in the Twenty-First Judicial District Court for the Parish of Tangipahoa. In their petition, they alleged that the 1987 automobile collision caused their father to suffer injuries from which he eventually died. They sought to recover damages for then-father’s medical expenses, pain and suffering and funeral ^expenses, along with damages for their own pain and suffering as a result of their father’s death. Named as defendants in the Tangipahoa litigation were Edgar Garcia, Jimmy Aehord, Royal Insurance Company, Gateway Ford, Inc. (the alleged owner of one of the vehicles involved in the 1987 collision), and LIGA. The Wells children also asserted a separate cause of action against Royal Insurance Company.
The defendants in the Tangipahoa lawsuit filed a declinatory exception raising the objection of lis pendens, in which they argued that the suit should be dismissed since the previously filed Jefferson Parish litigation involved the same parties, the same causes of action and the same objects. The trial judge agreed, and dismissed the Tangipahoa lawsuit on January 10, 1995. This appeal followed.
DISCUSSION
At the outset, we note that both parties point to legal maneuvers taken by the plaintiffs after the Tangipahoa litigation was dismissed on the exception of lis pendens. These incidents are not part of the record on this appeal, and will not be considered by this court. The only events pertinent to our inquiry are those which transpired at the time the Tangipahoa court ruled on the exception of lis pendens.
The parties’ arguments regarding the application of lis pendens center around their eharacterization of the claims asserted in the litigations. Plaintiffs argue that the Jefferson Parish litigation involves a personal injury lawsuit brought by Wallace Wells, while the Tangipahoa Parish lawsuit involves an entirely separate and independent cause of action for wrongful death filed by his heirs. Defendants urge that plaintiffs’ survival and wrongful death actions were already “pending” in Jefferson Parish at the time the Tangipahoa parish litigation was filed because plaintiffs’ substituted as the proper party plaintiffs to recover their father’s injuries (the survival action) and also obtained a leave of court to file wrongful death claims in the Jefferson Parish suit.
LWe need not decide, for the purposes of the lis pendens exception, whether the wrongful death action was technically “pending” in Jefferson Parish. It is evident that plaintiffs were pursuing a survival action in Jefferson Parish by substituting as proper party plaintiffs in that tort litigation at the *180 time they filed survival and wrongful death claims in Tangipahoa Parish. Thus, we assume for the purpose of the exception of lis pendens, that plaintiffs had a pending survival action in Jefferson Parish at the time they filed a wrongful death action in Tangipahoa Parish.
LIS PENDENS
The present version of La.Code Civ.P. art. 531, applicable to the facts of this ease, provides as follows:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.
All of the essential elements for the application of lis pendens are met in this case. There are two suits in Louisiana courts pending on the “same transaction or occurrence,” that is, the 1987 automobile collision. The survival suit in Jefferson Parish is being prosecuted by the heirs of Wallace Wells, the beneficiaries under La.Civ.Code art. 2315.1 who have the right to maintain the survival action, while the Tangipahoa Parish litigation was brought by the same individuals, who under La.Civ.Code art. 2315.2, have the right to bring the wrongful death action. Thus, the suits are brought by the same parties in the same capacities: the heirs of Wallace Wells who are article 2315 beneficiaries. Finally, the suits were filed against the same defendants, the alleged tortfeasors and their respective insurers who plaintiffs claim were responsible for causing injuries to their father in the 1987 automobile collision. Accordingly, we hold that the trial court correctly dismissed the Tangipahoa litigation pursuant to the exception of lis pendens.
I sCONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.